1  THOMAS SIMS (SBN 264174)
   *tsims@baronbudd.com*
2  **BARON & BUDD, P. C.**
   3102 Oak Lawn Ave, Suite 1100
3  Dallas, Texas 75219
   Telephone: (214) 521-3605
4  Facsimile: (214) 520-1181

5  Attorneys for Plaintiff KARYN JOY GROSSMAN

6  ALEXANDER G. CALFO (SBN 152891)
   *alexander.calfo@btlaw.com*
7  SARAH E. JOHNSTON (SBN 259504)
   *sarah.johnston@btlaw.com*
8  **BARNES & THORNBURG LLP**
   2029 Century Park East, Suite 300
9  Los Angeles, California  90067
   Telephone:    (310) 284-3880
10 Facsimile:    (310) 284-3894

11 JAMES F. MURDICA (Admitted *pro hac vice*)
   *jfmurdica@pbwt.com*
12 **PATTERSON BELKNAP WEBB & TYLER LLP**
   1133 Avenue of the Americas
13 New York, New York 10036
   Telephone:    (212) 336-2921
14 Facsimile:    (212) 336-2222

15 Attorneys for Defendants
   JOHNSON & JOHNSON; JANSSEN RESEARCH &
16 DEVELOPMENT, LLC (sued herein as Johnson & Johnson
   Pharmaceutical Research & Development, L.L.C.);
17 JANSSEN PHARMACEUTICALS, INC. (sued herein as
   Ortho-McNeil-Janssen Pharmaceuticals, Inc.); and
18 MCKESSON CORPORATION

19

20              **UNITED STATES DISTRICT COURT**

21            **NORTHERN DISTRICT OF CALIFORNIA**

22 KARYN JOY GROSSMAN,                Case No.  3:14-CV-03557-VC

23            Plaintiff,              **STIPULATION AND (PROPOSED)**
                                      **PROTECTIVE ORDER RE**
24      v.                            **CONFIDENTIAL DISCOVERY**
                                      **MATERIALS AS MODIFIED**
25 JOHNSON & JOHNSON; JOHNSON &
   JOHNSON PHARMACEUTICAL RESEARCH
26 & DEVELOPMENT, L.L.C.; ORTHO-MCNEIL-
   JANSSEN PHARMACEUTICALS, INC.; and   *[Assigned to Hon. Vince Chhabria]*
27 MCKESSON CORPORATION,

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

Defendants.

Plaintiff KARYN JOY GROSSMAN and Defendants JOHNSON & JOHNSON; JANSSEN RESEARCH & DEVELOPMENT, LLC (sued herein as Johnson & Johnson Pharmaceutical Research & Development, L.L.C.); JANSSEN PHARMACEUTICALS, INC. (sued herein as Ortho-McNeil-Janssen Pharmaceuticals, Inc.); and MCKESSON CORPORATION (hereafter collectively, "the Parties,"[1]), by and through their respective counsel, have reached the following agreement regarding the discovery of confidential materials in this action:

1.    Discovery in this action may involve production of confidential, proprietary, trade secret and other private information for which special protection from public disclosure and from use for any other purpose other than prosecuting this litigation would be warranted;

2.    The Parties seek to ensure that the confidentiality of these documents and information remains protected;

3.    In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court may enter this Protective Order pursuant to Fed. R. Civ. P. 26(c) and the applicable Civil Local Rules for the United States District Court for the Northern District of California, including without limitation Civil Local Rule 79-5; and

4.    The public interest in full and open disclosure of judicial process under Article III of the United States Constitution will not be significantly thwarted by maintaining the confidentiality of this information.

---

[1] As necessary throughout this Order, the term "Party" is used in its singular form to refer to any of the individual parties to this action named above.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -        CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1        5.      Pursuant to paragraph 15 of the Standing Order for Civil Cases Before Judge

2    Vince Chhabria, the Parties have considered adoption of the Stipulated Protective Order for

3    Standard Litigation in the United States District Court for the Northern District of California.

4    However, the Parties agree that given the anticipated volume of highly confidential, proprietary,

5    trade secret, and other private information to be exchanged during this litigation, the provisions of

6    the following (Proposed) Protective Order appropriately govern discovery in this litigation.

7           **THEREFORE, IT IS STIPULATED AND AGREED**, by and between the attorneys for

8    the Parties, that the Court enter this Protective Order under Fed. R. Civ. P. 26(c) and Civil L.R.

9    79-5, and hereby **ORDER** that documents and other information produced in this case by the

10   Parties shall be produced subject to the following:

11   **I.   SCOPE**

12       A.      At any time before the production of any documents or information by the

13   Producing Party[2], if warranted under applicable law, the Producing Party may designate such

14   information or documents as Confidential and subject to this Protective Order.  The Court

15   anticipates that before designating documents Confidential pursuant to this Protective Order, the

16   Producing Party shall make a good faith analysis of its document production to determine if such

17   documents merit confidential treatment under applicable law.  This Protective Order does not

18   confer blanket protection to all disclosures, documents, or responses to discovery, and the

19   protection it affords extends only to the specific information or items that are entitled to

20   protection under the applicable legal protections for treatment as confidential.  The Producing

21   Party shall designate those materials as Confidential and subject to this Protective Order by

22   placing the following legend or similar marking on each page of each document copied for, by, or

23   on behalf of the plaintiff or co-defendants in this action: "**CONFIDENTIAL — SUBJECT TO**

24   **PROTECTIVE ORDER**."  The legend shall be placed in a manner which will not in any way

25   interfere with or obliterate its legibility.  Documents or information so designated shall be

---

[2] For purposes of this Order, "Producing Party" shall mean the Party, Parties, Third-Party or Third-Parties responding to any discovery device in this action and/or producing documents/information informally to any other Party or Parties to this action.  "Receiving Party" shall mean the party or parties by whom any such response(s) or production(s) are received.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1  referred to herein as "Confidential Discovery Material."  Such stamping or marking will take

2  place before production by the Producing Party or subsequent to selection by the Receiving Party

3  for copying.

4        B.     With the exception of documents or information that have become publicly

5  available without breach of the terms of this Order or any other legal obligation to safeguard and

6  maintain confidentiality, all documents, information, or other discovery materials produced or

7  discovered in this litigation, and that have been designated as "Confidential Discovery Materials"

8  shall be used by the Receiving Party solely for the prosecution or defense of this litigation.

9        C.     "Confidential Discovery Material" as used herein means any non-public

10  information, document (electronic or hardcopy), or tangible thing, response to discovery requests,

11  deposition testimony or transcript, and any other similar materials, or portions thereof that are

12  properly protected under Fed. R. Civ. P. 26(c) or other applicable law.  Confidential Discovery

13  Material includes information which, if disclosed to a competitor, could result in substantial

14  business harm by revealing current proprietary licensing, marketing, design, development,

15  research, manufacturing or business strategy information regarding products or medicines relating

16  to this lawsuit.  Nothing herein shall be construed to allow for global designations of all

17  documents as "Confidential."

18        D.     This Protective Order shall apply to and govern all hard copy and electronic or

19  magnetic media, including information, files, databases, or programs stored on any digital or

20  analog machine-readable device, computers, Internet sites, disks, networks, or tapes,

21  Electronically Stored Information ("ESI") and the information contained therein, and all other

22  information produced or disclosed and designated by the Producing Party as Confidential

23  Discovery Material whether or not such documents or information are informally produced or

24  produced in response to formal discovery requests.  The Producing Party may designate as

25  Confidential Discovery Material all information, documents and things subject to discovery in

26  this action as described in Paragraph I(C) above, including without limitation, testimony adduced

27  at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31,

28  information and documents produced in response to Fact Sheets, answers to Interrogatories

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36. When ESI is produced by a Party in such form and contains Confidential Discovery Material, the Producing Party shall so indicate by labeling the media as follows: "Confidential: Protective Order."  If appropriate, individual documents or pages contained on the media shall be marked in the manner set forth in Paragraph I(A) above.

E.      This Protective Order is binding upon the Parties at the time this Protective Order is entered, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order.  If additional parties are added other than parents, subsidiaries and affiliates of current Parties to this litigation, their ability to receive Confidential Discovery Material as set forth in this Protective Order will be subject to them being bound, by agreement, or Court Order, to this Protective Order.

F.      In no event shall any disclosure be made to current attorneys, principals, directors, officers, or employees of any corporate parents, subsidiaries, or affiliates that are competitors of a Party, irrespective of whether they are retained as an expert or consultant for a Party.

G.      The entry of this Protective Order does not preclude the Parties from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

H.      With respect to deposition testimony, a designation of confidentiality may be made on the record at the time of a deposition, at which time the testimony and transcript thereof shall be subject to the full protection of this Protective Order.  However, within thirty (30) days after receipt of the final deposition transcript from the court reporter, counsel for the Party asserting confidentiality at the deposition shall state in writing, served on all Parties, by designating the pages and lines of all portions for which confidentiality is claimed.  In the case of testimony not so designated during the course of a deposition, counsel for the Party wishing to assert confidentiality may, at any time within thirty (30) days of receipt of the final deposition transcript from the court reporter, notify the Parties and court reporter in writing, by designating by pages and lines of all portions for which confidentiality is claimed, in which case those portions of the

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -                          CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

testimony and transcript thereof shall be subject to the full protection of this Protective Order. During the thirty (30) day period, the testimony will be treated as though it had been designated as confidential pursuant to the terms of this Protective Order. If the Producing Party does not serve a designation letter within the thirty (30) day period, then the entire transcript will be deemed not to contain any Confidential Discovery Material.

I.      Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other Court proceeding of any document, testimony or other evidence. Use of Confidential Discovery Material subject to this Protective Order at trial will be determined by relevant law and order of the Court.

## II.      FILING OF CONFIDENTIAL DISCOVERY MATERIAL WITH THE COURT

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Discovery Material. A Party that seeks to file under seal any Confidential Discovery Material must comply with Civil Local Rule 79-5. Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Discovery Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential Discovery Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## III.     REDACTIONS

A.      To protect against unauthorized disclosure of Confidential Discovery Material, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents, materials and other things, the following items or any other item(s) protected from disclosure by statute or decisional authority or agreed upon by the parties or ordered by the Court:

1.      The names, street addresses, Social Security numbers, tax identification

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

numbers, and other personal identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports.  Other general identifying information, however, such as patient or health provider numbers, shall not be redacted unless required by state or federal law.  To the extent Plaintiff's name is contained in any of these documents, such documents will be identified (for example, by Bates number) and/or produced directly to counsel for Plaintiff without such redactions.

2.      The Social Security numbers, tax identification numbers and other personal identifying information of employees in any records.

B.      Confidential Discovery Material that is produced pursuant to a valid Document Request, Deposition Notice or Subpoena shall be produced in its entirety with no internal redaction predicated on a claim or contention that a portion of the document is "irrelevant" or "non-responsive" except for redactions that were made prior to August 15, 2014 on Confidential Discovery Material that was previously produced by one or more Defendants in multidistrict litigation and/or coordinated proceedings involving Levaquin.

Producing Party may redact any portion of any document, regardless of whether that document is designated Confidential Discovery Material, that the Producing Party asserts is covered by the attorney client privilege, work product doctrine or is required to be redacted pursuant to federal or state statute (e.g., the Health Insurance Portability and Accountability Act of 1996 ("HIPPA")).  Any such redaction is subject to the provisions of Paragraph IV, *infra*.

C.      No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

D.      To the extent that the Producing Party redacts material or information in the produced documents or portions thereof, it shall black out every redaction to indicate where the redaction begins and ends.

E.      Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1    redacted shall be treated as confidential, regardless of whether the document containing such

2    names is designated as Confidential Discovery Material.

3         F.      Notwithstanding any of the foregoing provisions, nothing contained herein shall be

4    construed as a waiver of a Party's ability to challenge such redactions and require the Producing

5    Party to seek a protective order nor restrict a Party's right to otherwise seek protection from the

6    Court concerning any such request.  The Parties shall meet and confer before engaging in any

7    motion practice with respect to this paragraph.  The burden as to the propriety of any redaction

8    remains on the Producing Party at all times.

9    **IV.   PRIVILEGE LOG**

10        For any document or portion of document the Producing Party designates as subject to a

11   claim of privilege, immunity or work-product protection that is responsive to a discovery request,

12   the Producing Party shall supply a Privilege Log.  The Privilege Log shall be supplied within

13   thirty (30) days after the date upon which the documents were required to be produced or were

14   partially produced. If documents are produced on a rolling basis, a corresponding privilege log for

15   all redactions or withheld documents shall be produced within thirty (30) days of the production

16   of documents from each wave. The Privilege Log shall be produced in a manner that is set forth

17   in the attached Exhibit B ("Privilege Log").

18   **V.    PERSONS TO WHOM CONFIDENTIAL DISCOVERY MATERIAL MAY BE**

19   **DISCLOSED**

20        A.      Except with the prior written consent of the party or other person originally

21   producing Confidential Discovery Material, or as herein provided under this Order, no

22   Confidential Discovery Material, or portions thereof, may be disclosed to any person except as set

23   forth below.

24        B.      Any person having knowledge of Confidential Discovery Material by virtue of

25   participation in this proceeding, or by virtue of obtaining documents or other Confidential

26   Discovery Material produced or disclosed under this Protective Order, shall use the Confidential

27   Discovery Material only as permitted by this Protective Order.  Counsel shall take all reasonable

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -                CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1    and necessary steps to assure the security of any Confidential Discovery Material and will limit

2    access to Confidential Discovery Material to those persons authorized by this Protective Order.

3          C.      The documents and information provided by the Producing Party and designated

4    as confidential shall be revealed to and used by[3]: (1) the Parties to this litigation (including

5    partners, directors, officers, and employees of Parties); (2) counsel to the Parties who have

6    entered appearances in this litigation, members of their firms, associate attorneys, contract

7    attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and

8    service vendors of such counsel (including outside copying services, and outside litigation

9    support services such as translators and discovery vendors; (3) independent consultants and/or

10   experts, employed and/or formally retained to advise or to assist counsel in the preparation and/or

11   trial of this litigation; (4) the Court and its respective staff and administrative personnel; Court

12   reporters, stenographers and videographers employed to take depositions; and, any essential

13   personnel retained by the Court; (5) persons working in connection with this litigation under the

14   direct supervision of persons described above in (1)-(4), but only to the extent necessary to

15   perform their work in connection with this litigation; (6) persons who authored the Confidential

16   Discovery Material or who received such Confidential Discovery Material in the ordinary course

17   of business; (7) persons noticed for depositions or designated as trial witnesses and their

18   attorneys, or those counsel of record who in good faith expect to testify at deposition or trial, to

19   the extent reasonably necessary in preparing to testify; (8) and plaintiff's treating physicians..

20   The Parties agree that the documents designated as Confidential may be revealed to additional

21   persons, including parties and/or in-house counsel, by agreement, which shall not be

22   unreasonably withheld.  Under no circumstances shall any of the above eight (8) categories of

23   persons disclose such Confidential Discovery Material to the press or media absent further Order

24   of the Court.

25

26

---

27   [3] The agreement to make Confidential Discovery Material available to the eight (8) categories of persons identified in Paragraph V(C) is made without prejudice to the Parties' right to seek the Court's intervention at a later date to amend the scope of these categories.

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -                          CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1      D.     In no event shall any disclosure of Confidential Discovery Material be made to

2  current attorneys, principals, directors, officers, or employees of any corporate parents,

3  subsidiaries, or affiliates that are competitors of a Party, irrespective of whether they are retained

4  as an expert or consultant for a party.

5      E.     Each person as defined in V(C)(3) and V(C)(5) through (8) who reviews or

6  inspects Confidential Discovery Material subject to this Protective Order shall be brought within

7  the personal jurisdiction of this Court, including the contempt power, by signing a copy of the

8  attached Acknowledgement signifying agreement to the provisions of this Protective Order and

9  consenting to the jurisdiction of this Court over his/her person for any proceedings involving

10  alleged improper disclosure of said protected documents or information.

11      Plaintiff's Counsel shall not disclose or provide Confidential Discovery Material to any

12  third party who refuses to execute an Acknowledgement.  Once Plaintiff's counsel learns of a

13  third party's refusal to execute an Acknowledgement, counsel shall so notify counsel for the

14  Producing Party immediately, if the third party has been noticed or otherwise scheduled for

15  deposition.

16      If the third party articulates his/her refusal to execute an Acknowledgement at the

17  scheduled deposition, the third party shall be requested to state on the record the reason(s) for

18  his/her refusal, and affirm, under oath, that s/he will not discuss or disclose to others the content,

19  sum or substance of any Confidential Discovery Material utilized during the deposition.  After the

20  witness has so affirmed, Confidential Discovery Material may be shown to the witness during the

21  course of the deposition.  Under no circumstance, however, shall Plaintiff's counsel provide

22  copies of any Confidential Discovery Material to any third party who refuses or has failed to

23  execute an Acknowledgement.

24      F.     With the exception of persons set forth in Paragraphs V(C)(1), V(C)(2) and

25  V(C)(4) above and 4(G) below, no person entitled to access to Confidential Discovery Material

26  under this Protective Order shall be provided with the protected documents or information unless

27  each such individual has first read the Protective Order of this Court and completed and signed

28  the Acknowledgement attached as Exhibit A.  No person entitled to access to protected

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -      CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   documents or information shall disclose or discuss the contents of any such materials with any

2   other individual, except those individuals who are also permitted to view, inspect or examine the

3   materials protected herein.  The information provided by this Protective Order shall be used for

4   the sole purpose of the preparation for this case, and shall not be used for any other purpose or for

5   any other legal action except as provided by this Protective Order.

6   G.   Persons who come into contact with Confidential Discovery Material for clerical

7   or administrative purposes, and who do not retain copies or extracts thereof, are not required to

8   execute Acknowledgements but must comply with the terms of this Order.

9   H.   The signed Acknowledgements are strictly confidential except as stated below.

10   I.   Each Party's counsel shall maintain all executed Acknowledgements of all persons

11   who inspect or review confidential documents obtained from another party before trial of this

12   matter or who receives any copies of such Confidential Discovery Material.  Each Party will

13   produce a copy of the executed Exhibit A for each of its testifying experts along with that expert's

14   report.  With the exception of the testifying expert provision discussed in this section, the parties

15   expressly agree, and it is hereby Ordered that except in the event of a violation of this Order, the

16   Parties will make no attempt to seek copies of the signed Acknowledgements or to determine the

17   identities of the persons signing them.  If the Court finds that any disclosure is necessary to

18   investigate a violation of this Order, such disclosure will be made under a separate court order.

19   J.   The terms of this Order do not apply to any publicly available information or

20   documents.  This provision in no way alters or expands the terms of Paragraph V(C) of this

21   Protective Order identifying the persons to whom Confidential Discovery Material has been

22   revealed.

23   K.   In the event that the Producing Party designates as Confidential Discovery

24   Material documents or information of which the Receiving Party has previously obtained copies

25   or learned without an ostensible obligation of confidentiality, nothing in this Order shall preclude

26   disclosure of said documents or information by the Receiving Party.  However, the Producing

27   Party shall retain the right to challenge the disclosure of such documents or information pursuant

28   to the provisions and procedures of Paragraph XI below, on the grounds that such documents or

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES
- 11 -
CASE NO. 3:14-CV-03557-VC
STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1     information were inadvertently produced in prior proceeding[s] without an appropriate

2     confidentiality designation.

3          L.      Nothing herein shall restrict a person qualified to receive Confidential Discovery

4     Material under this Protective Order from making working copies, abstracts, digests, and analyses

5     of such information for use in connection with this proceeding and such working copies,

6     abstracts, digests, and analyses shall be deemed to have the same level of protection under the

7     terms of this Protective Order.  A qualified recipient shall at all times keep secure all notes,

8     abstracts, or other work product derived from or containing Confidential Discovery Material,

9     shall be obliged to maintain the confidentiality of such work product, and shall not disclose or

10     reveal the contents of said notes, abstractions or other work product after the documents,

11     materials, or other things, or portions thereof (and the information contained therein) and

12     information are returned or destroyed.  Nothing in this Protective Order requires the Receiving

13     Party's counsel to disclose work product at the conclusion of this litigation.

14          M.      Any non-party who is producing Discovery Materials in this litigation may agree

15     to and obtain the benefit of the terms and protections of this Order by designating "Confidential"

16     those discovery materials that the non-party is producing which are properly confidential under

17     applicable law.

18    **VI.**     **APPLICATION TO THE COURT**

19          A.      Nothing herein shall be construed to preclude or limit any Party from opposing any

20     discovery on any ground which would otherwise be available.  Nothing in this Protective Order

21     shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing,

22     additional protection with respect to the confidentiality of documents or information.  Nothing in

23     this Protective Order shall preclude any Party from seeking or obtaining, on the appropriate

24     showing, an order lifting the protection granted in this Protective Order with respect to the

25     confidentiality of documents or information.

26          B.      It shall be the burden of the Party seeking to prevent disclosure to demonstrate

27     good cause for prohibiting disclosure.

28    **VII.**     **VIOLATION OF PROTECTIVE ORDER**

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1    A violation by any person of any provision of this Protective Order may be punishable as

2    determined by the Court.

3    **VIII.    JURISDICTION OF COURT**

4    This Court retains jurisdiction over the parties, counsel for the parties, and all persons,

5    firms, corporations, or organizations, whomsoever, to whom this Protective Order applies, for

6    purposes of enforcement of this Protective Order both during and following the conclusion of this

7    action.

8    / / /

9    **IX.    CHALLENGE TO CONFIDENTIALITY DESIGNATIONS OR REDACTIONS**

10    A.    If a Party elects to challenge any designation or re-designation of the

11    confidentiality of any documents, information or redactions pursuant to this Protective Order, the

12    Receiving Party shall provide the Producing Party written notice of the dispute, specifying by

13    exact Bates number(s) the Confidential Discovery Material in dispute and afford the Producing

14    Party the opportunity to voluntarily remove such designation or redaction.  The Producing Party

15    shall, within twenty (20) days of the receipt of such notice, either voluntarily remove the

16    designation or file a written motion with the Court that identifies the challenged material and sets

17    forth in detail the basis for the confidential designation or redaction.  The confidentiality of

18    challenged documents, information, or the legitimacy of any redaction shall remain protected

19    until the Court shall order otherwise.  Notification of any such dispute does not in any way

20    suspend the operation of this Order.

21    B.    The interested parties shall attempt to resolve any such challenges by agreement

22    prior to the time for filing of the motion required pursuant to Paragraph X(A). If the challenge is

23    resolved by agreement, or by voluntary removal, or if no motion is filed within thirty (30) days of

24    the receipt of written notice of challenge, then within thirty (30) days of the agreement or of the

25    challenging Party's notice of the dispute if there is no agreement, the Producing Party shall

26    remove the Confidential legend or redaction stamp and shall provide documents without the

27    Confidentiality legend or stamp to the Receiving Party and Confidentiality shall not thereafter

28    apply to such documents or information.  If the Court orders production of Confidential

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -                  CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   Discovery Material or redacted material, then the confidential legend or redaction and reason

2   therefore shall be removed by the Producing Party within thirty (30) days of entry of the Court's

3   order and all documents without the confidentiality legend or redaction will be produced to the

4   Receiving Party.  Confidentiality shall not thereafter apply to such documents or information.

5               1.      All documents, testimony, or other materials designated by the Producing

6   Party as confidential shall retain their confidential status during the pendency of any proceeding

7   challenging confidentiality initiated by a Party until such time as the contentions initiated by a

8   Party regarding confidentiality of documents and materials so designated are fully and finally

9   adjudicated, including such appeals as may be sought.

10              2.      Neither this Protective Order nor the designation of any item as

11  Confidential Discovery Material shall be construed as an admission that such material or any

12  testimony in respect to such material in a deposition or otherwise would be admissible in

13  evidence in this litigation or in any other proceeding.  In addition, this Protective Order does not,

14  of itself, require the production of any information or document.

15      C.      The burdens of both proof and persuasion in any such challenge proceeding shall

16  be on the Producing Party.

17  **X.      THIRD PARTY REQUEST FOR CONFIDENTIAL DISCOVERY MATERIAL**

18      A.      If Confidential Discovery Material in the possession of a Receiving Party are

19  subpoenaed or requested by any court, administrative or legislative body, or any other person or

20  organization purporting to have authority to subpoena or request such data or information, the

21  Party to whom the subpoena or request is directed shall not, to the extent permitted by applicable

22  law, provide or otherwise disclose such documents or information without waiting ten (10)

23  business days after first notifying counsel for the Producing Party in writing of: (1) the

24  information and documentation which is requested for production in the subpoena or request; (2)

25  the date on which compliance with the subpoena or request is sought; (3) the location at which

26  compliance with the subpoena or request is sought; (4) the identity of the party serving the

27  subpoena or making the request; and (5) the case name, jurisdiction, and index, docket,

28  complaint, charge, civil action, or other identification number or designation identifying the

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -                           CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

litigation, administrative proceeding, or other proceeding in which the subpoena or request has been issued.

B.      Upon receiving a subpoena or request by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or request such data or information, the original Producing Party shall bear the burden and all costs of opposing production, if it deems it appropriate to do so.

/ / /

## XI.     INADVERTENT OR UNINTENTIONAL DISCLOSURE

A.      Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery material made in connection with this action that a Party claims was inadvertent and should not have been produced or disclosed based on privacy, attorney-client and/or work-product privilege, or HIPAA ("Inadvertently Produced Material") will not be deemed to be a waiver in whole or in part of privacy, privilege, HIPAA, or any other protections to which the Party would have been entitled had the affected material not inadvertently been disclosed.  In the event of a claimed inadvertent production or disclosure, the following procedures shall be followed:

1.      The Producing Party shall notify the Receiving Party in writing within twenty-five (25) days from the discovery of the inadvertent production by specifically identifying the affected material;

2.      If the Producing Party requests the return of any Inadvertently Produced Material, those to whom the request is made shall return to the Producing Party immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the affected material was provided;

3.      All notes or other work product of the Receiving Party reflecting the contents of the Inadvertently Produced Material shall be destroyed, and the returned or destroyed material shall be deleted from any litigation-support or other database;

4.      If, after being notified of the inadvertent disclosure, and the Receiving Party disputes the claim of privilege, such dispute must be made in writing within twenty-five (25)

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

days of the notification of inadvertent disclosure. The Receiving Party must promptly return, sequester, or destroy any copies of the Inadvertently Produced Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), as well as any notes or other work product of the Receiving Party reflecting the contents of such materials, and may promptly present the information, including the Inadvertently Produced Material, to the court under seal for a determination of the claim of privilege.

5.     Pending resolution of the matter by the court, no use or disclosure shall be made of the Inadvertently Produced Material for any purpose, including, but not limited to, during depositions or at trial;

6.     If the court determines that the Inadvertently Produced Material is privileged, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the court. If the court determines that the Inadvertently Produced Material is not privileged, the material is to be immediately returned to the Receiving Party; and

7.     Where the privilege or privacy at issue may be protected by redacting that information, the Producing Party shall provide redacted discovery material to replace the inadvertently disclosed documents within five (5) business days, or within a specified period otherwise agreed to by the Parties, after requesting the return of any such discovery.

**XII.    RETURN OR DESTRUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

A.     Within 30 days after the conclusion of the case filed by the undersigned Plaintiffs' attorneys against the producing defendant, with the exceptions set forth below, the undersigned attorneys shall either return all the Confidential Discovery Material and all copies thereof (electronic, hard copy, or otherwise) to the Producing Party at a location selected by the Producing Party and at the Receiving Party's attorneys' expense, or produce an certification of compliance executed by the undersigned Receiving Party's attorneys indicating that all of the documents from the Producing Party and all copies thereof (electronic, hard copy, or otherwise) have been destroyed or will be destroyed within a reasonable time.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -                                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1    B.    Counsel for the Receiving Party may retain their privileged communications, work

2    product, and Acknowledgements pursuant to this Protective Order, materials required to be

3    retained by applicable law, and all Confidential Discovery Material filed with the Court even

4    though they contain discovery materials produced by the Producing Party, but such retained,

5    privileged communications and work product shall remain subject to the terms of this Protective

6    Order.  Counsel for the Receiving Party shall also not be required to return or destroy any pretrial

7    or trial records as are regularly maintained by that counsel in the ordinary course of business,

8    which includes: (i) one full set of copies of all pleadings, affidavits, declarations, briefs,

9    memoranda, expert reports, exhibits and other papers filed in this action; and (ii) one set of

10   transcripts of all testimony taken at any depositions, hearings or trial with exhibits used therein.

11   Any such materials that are not returned or destroyed shall remain subject to this Order, and the

12   Court shall retain jurisdiction to ensure that the terms hereof are not violated.

13   **XIII.    MISCELLANEOUS PROVISIONS**

14   A.    Nothing in this Order shall prevent any Party or other person from seeking

15   modification of this Order or from objecting to a confidentiality designation or redaction that it

16   believes to be otherwise improper.

17   B.    Nothing in this Order shall prevent a Party from any use of its own documents and

18   information.

19   C.    Nothing shall prevent disclosure beyond that limited by this Order if the Producing

20   Party consents in writing to such disclosure.

21   D.    This Protective Order remains in full force and effect and governs the use of

22   Confidential documents and information until amended or superseded by express order of the

23   Court or by written stipulation of the parties that is approved by the Court and shall survive and

24   remain in effect after the conclusion of this litigation.

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -        CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1

2
Dated:  January 6, 2015

3

4                                    By: _/s/ Thomas Sims_____
                                     Thomas Sims

5                                    **BARON & BUDD, P.C.**
                                     Attorneys for Plaintiff KARYN JOY GROSSMAN

6

7
Dated:  January 6, 2015

8

9                                    By: _/s/ Sarah E. Johnston_____
                                     Alexander G. Calfo

10                                   Sarah E. Johnston
                                     **BARNES & THORNBURG LLP**

11
                                     James F. Murdica

12                                   **PATTERSON BELKNAP WEBB & TYLER
                                     LLP**

13
                                     Attorneys for Defendants

14                                   JOHNSON & JOHNSON; JANSSEN RESEARCH
                                     & DEVELOPMENT, LLC JANSSEN

15                                   PHARMACEUTICALS, INC.; and MCKESSON
                                     CORPORATION

16

17

18

19                       **Attestation Pursuant to Civil Local Rule 5-1(i)**

20        Pursuant to Civil Local Rule 5-1(i), I, Sarah E. Johnston, hereby attest that I have obtained
     concurrence in the filing of this document from the other signatory to this document.

21

22        I declare under penalty of perjury under the law of the United States of America that the
     foregoing is true and correct. Executed on January 6, 2015 at Los Angeles, California.

23

24                                   _/s/ Sarah E. Johnston_____
                                     Sarah E. Johnston

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -                    CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

1   ~~(PROPOSED)~~ **ORDER** AS MODIFIED

2      Upon consideration of the above STIPULATION AND (PROPOSED) PROTECTIVE

3   ORDER submitted by the Parties, and for good cause shown therein, the Stipulation and

4   Protective Order is adopted as the Order of this Court.

5

6

7   IT IS SO ORDERED.

8   Dated: January 8, 2015



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -                CASE NO. 3:14-CV-03557-VC

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

## **PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2029 Century Park East, Suite 300, Los Angeles, California  90067.  On October ___, 2014, I served a copy of the within document(s):

.. **BY UNITED STATES MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

.. **BY OVERNIGHT DELIVERY**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier

.. **BY PERSONAL SERVICE** I caused the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

in a sealed envelope, postage fully paid, addressed as follows:

SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October ___, 2014, at Los Angeles, California.

_____
Brigette S. Price

1

SERVICE LIST

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28