UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARYN JOY GROSSMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-03557-VC<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 56 |

　　　　The defendants' motion to transfer is granted.

　　　　Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The statute requires a two-step analysis. Because the parties do not dispute that the action could have been brought in the District of Maryland, only the second step—whether the convenience of the parties and witnesses and interest of justice favor transfer—is at issue here. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

　　　　Transfer under § 1404(a) requires "a lesser showing of inconvenience" than dismissal for forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The burden of demonstrating inconvenience falls on the party seeking transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). In determining whether transfer is appropriate in any particular case, the district court may consider a number of factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (footnotes omitted).

The convenience of the witnesses, particularly non-party witnesses, is often the most important factor. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see also Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). The Court must also consider the relative importance of the witnesses. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984) (explaining, in a forum non conveniens case, that "the court should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum"). And although a plaintiff's choice of forum is generally accorded significant weight, this weight is substantially lessened where the plaintiff does not reside in the forum and the acts that gave rise to the case did not occur in that forum. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

The plaintiff alleges that she developed peripheral neuropathy as a result of taking the prescription antibiotic medicine Levaquin, and that Levaquin's manufacturer, Defendant Janssen Pharmaceuticals, and a Levaquin distributor, Defendant McKesson Corporation, failed to warn her of that risk. The plaintiff is a resident of Maryland. She does not allege that any events directly related to her injuries took place in California. The plaintiff's doctors and all documents related to her medical, pharmacy, insurance, and employment records are located in Maryland. However, McKesson's principal place of business is within the Northern District of California, and the plaintiff argues that, under California law, McKesson's role as a participant in the chain of distribution for Levaquin renders McKesson strictly liable for the alleged failures to warn. Docket No. 57 at 9.

To be sure, the Northern District of California is a convenient forum for McKesson. But the Northern District of California's convenience for McKesson is offset heavily by the inconvenience to important third-party witnesses (and the fact that important documentary evidence is located in Maryland). Assuming that McKesson may indeed be held strictly liable for its role in the distribution of Levaquin, the importance of live testimony at trial from any

McKesson witnesses to establish this role pales in comparison to the importance of witnesses such as the plaintiff's prescribing physician. And there is no means to compel the attendance of the plaintiff's doctors at any trial in the Northern District of California. Particularly given the plaintiff's lack of contacts with her chosen forum, the remaining factors don't come close to counterbalancing the above factors that militate in favor of transfer.[1]

**IT IS SO ORDERED.**

Dated: April 13, 2015

VINCE CHHABRIA
United States District Judge

---

[1] In addition to arguing that a number the *Jones* factors weigh against transfer, the plaintiff contends that transfer is inappropriate because there are several related actions pending before the Court. The existence of a related action can be an important consideration "because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties," *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal*, 503 F.2d 384, 389 (9th Cir. 1974). Here, however, while litigating all the related cases in the Northern District of California might be more convenient for the defendants, there do not appear to be any corresponding benefits in terms of convenience for the plaintiff or any non-party witnesses. And by moving for transfer, the defendants have demonstrated that they are willing to forgo any such benefit. Consequently, the Court is not persuaded that the pendency of related cases in this district outweighs the factors that strongly favor transfer. Of course, if the plaintiff believes that coordinated or consolidated pretrial proceedings are necessary to avoid duplicative discovery or otherwise conserve the parties' resources, the plaintiff is free to file a motion for centralization with the Joint Panel on Multidistrict Litigation.